UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE CRUZ CORONA RIOS,<br><br>　　　　　　　　　　　Petitioner,<br><br>v.<br><br>U.S. DEPARTMENT OF HOMELAND SECURITY, KRISTI NOEM, PAMELA BONDI, TODD M. LYONS, and CHRISTOPHER LAROSE,<br><br>　　　　　　　　　　　Respondents. | Case No.:　3:25-cv-01796-JES-DEB<br><br>**ORDER:**<br><br>**(1) DENYING PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241; AND**<br><br>**(2) DENYING MOTION FOR TEMPORARY RESTRAINING ORDER AS MOOT**<br><br>**[ECF Nos. 1, 2]** |

　　　　Before the Court is Petitioner Jose Cruz Corona Rios' ("Petitioner") petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 against the U.S. Department of Homeland Security, Kristi Noem, Pamela Bondi, Todd M. Lyons, and Christopher LaRose ("Respondents"). ECF No. 1. Petitioner seeks relief from his detention of over a year at Otay Mesa Detention Center. *Id.* ¶¶ 1, 9. For the reasons set forth below, the petition is **DENIED**.

///

///

## I. BACKGROUND

Petitioner is a citizen of Mexico who is currently detained at Otay Mesa Detention Center. ECF No. 1 ¶ 1. He previously lived in the United States illegally from around 2006 to 2012, and left voluntarily after being detained by ICE in 2012. *Id.* ¶ 11. Petitioner is married to a DACA recipient, and has a daughter who is a 15-year-old U.S. citizen. *Id.* ¶ 10.

Petitioner reentered the country on September 13, 2024, under the CBP One program. *Id.* ¶ 9. On January 11, 2025, Petitioner applied for asylum, withholding, and relief under the Convention Against Torture ("CAT"). *Id.* ¶ 12. On April 18, 2025, an immigration court held a merit hearing on Petitioner's case, and on April 21, 2025, an immigration judge ("IJ") granted Petitioner's application for withholding of removal to Mexico under the CAT. *Id.* ¶ 13. After the IJ granted his withholding application to Mexico, Petitioner states that he was told he was being held awaiting removal to a third county. *Id.* ¶ 15.

On June 25, 2025, Petitioner moved to reopen his removal order and filed an emergency motion to stay removal following a Supreme Court decision that made it more likely he would be removed to a third country. ECF Nos. 1 ¶ 16; 13 at 2. Those motions were granted by an IJ on June 25, 2025. *Id.* Petitioner had subsequent hearings in his immigration case on July 9, 2025, August 8, 2025, and October 7, 2025. ECF Nos. 1 ¶ 17; 15 at 2.

On October 8, 2025, the IJ issued a written decision reissuing an order of removal to Mexico in Petitioner's case and granting Petitioner's application for withholding of removal under the CAT. ECF No. 15 at 6. The IJ noted that the Department of Homeland Security has asserted since the case was reopened that it has not yet been able to find a third country willing to accept Petitioner. *Id.* at 5.

## II. LEGAL STANDARD

"Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts, and any circuit judge within their respective jurisdictions." 28

U.S.C. § 2241(a). A prisoner prevails in her petition for writ of habeas corpus if she shows that "[she] is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004).

### III.  DISCUSSION

**A. Jurisdiction**

Respondents argue that this Court lacks subject matter jurisdiction to hear this petition under 8 U.S.C. §§ 1252(g) and (b)(9). ECF No. 12 at 3-7. For the reasons outlined below, the Court finds that those statutes do not bar jurisdiction over Petitioner's claims.

The Court's jurisdiction to hear writs of habeas corpus from immigration detainees depends on the type of claims at issue. Congress has granted the Attorney General the power to "commence proceedings, adjudicate cases, and execute removal orders" against aliens, and forbidden judicial review of "any cause or claim by or on behalf of any alien arising from" such decisions. 8 U.S.C. § 1252(g). District courts also may not review on habeas "questions of law and fact, including interpretation and application of constitutional and statutory decisions, arising from any action taken or proceeding brought to remove an alien." 8 U.S.C. § 1252(b)(9). In interpreting "arising under" in both statutes, the Supreme Court has cautioned against "expansive interpretations" that would cause "staggering results" like rendering prolonged detention claims unreviewable. *Jennings v. Rodriguez*, 583 U.S. 281, 294 (2018); *Reno v. American-Arab Anti-Discrimination Committee*, 525 U.S. 471, 482-483 (1999).

Here, Petitioner seeks only review of the legality of his detention (ECF No. 13 at 6-7), which does not require judicial intervention into the Attorney General's decisions to commence proceedings, adjudicate cases, and execute removal orders. The government asserts that Petitioner's claim of unlawful detention arises from the Attorney General's decision to commence removal proceedings against him. ECF No. 12 at 7. Adopting this interpretation of 8 U.S.C. §§ 1252(g) and (b)(9) would eliminate judicial review of immigration detainees' claims of unlawful detention, which the Court finds inconsistent

with *Jennings* and the history of judicial review of the detention of noncitizens under 28 U.S.C. § 2241. 538 U.S. at 294; *see also Zadvydas v. Davis*, 533 U.S. 678, 699 (2001) (finding the duration of immigration detention reviewable under § 2241); *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1209 (9th Cir. 2022) (finding that the court would have jurisdiction under § 2241 to consider errors of law in immigration detention, including due process violations); *Hernandez v. Session*, 872 F.3d 976, 986 (9th Cir. 2017) (finding that the court had jurisdiction to hear constitutional claims about immigration detention under § 2241 despite the government characterizing the challenge as unreviewable). As other courts in this district have found in similar matters, the Court has jurisdiction to hear Petitioner's claims that his detention is unlawful under 28 U.S.C. § 2241. *See Alegria Palma v. LaRose*, 25-cv-1942-BJC-MMP, ECF No. 14 (S.D. Cal. Aug. 11, 2025); *Mendez Los Santos v. LaRose*, 25-cv-2216-TWR-MSB, ECF No. 14 (S.D. Cal. Sept. 4, 2025) (granting petition by minute order); *Rokhifirooz v. LaRose et al.*, No. 25-cv-2053-RSH-VET, 2025 WL 2646165 (S.D. Cal Sept. 15, 2025).

### B. Due Process

Petitioner argues that his continued detention is unlawful because he has been detained for over a year during his initial asylum case, the first order of removal against him, his re-opened asylum case, and now following a second order of removal. ECF No. 13 at 2. Petitioner's claim arises primarily under *Zadvydas*, where the Supreme Court held that indefinite immigration detention raises due process concerns under the Fifth Amendment. 533 U.S. 678, 690 (2001). The Court in *Zadvydas* based its reasoning on the government's failure to show a reasonable likelihood of removing an immigration detainee who they were legally authorized to remove. *Id.* at 701. Here, Petitioner's case has gone through several stages both allowing and prohibiting his removal. ECF No. 1 ¶¶ 13-16. The Court must therefore examine separately the legality of his detention under the law that applies to the period in which his re-opened asylum claim was pending, between June 25, 2025, and October 8, 2025, and after his October 8, 2025, final order of removal was

entered. *See id.*; ECF No. 15 at 2. For reasons explained below, the Court does not reach the legality of Petitioner's detention prior to his re-opening of his asylum case in this order.

While Petitioner's asylum case was re-opened, the government was barred by judicial order from removing him. *See* ECF No. 1 ¶ 16. Applicants for asylum are detained under 8 U.S.C. § 1225(b)(1)(A)(ii), which allows for detention during the pendency of the case. *Jennings*, 583 U.S. at 283 (explaining that the asylum statutes "mandate detention for a specific period of time: until immigration officers have finished considering the asylum application or until removal proceedings have concluded.") (internal quotations and citations omitted). Applicants for asylum may be paroled into the country while their asylum case is pending at the discretion of the Department of Homeland Security ("DHS"). 8 U.S.C. § 1182(d)(5)(A).

After an immigration court enters a final order of removal, the case is no longer pending and the government "shall remove the alien from the United States within a period of 90 days." 8 U.S.C. § 1231(a)(1)(A)-(a)(2)(A). The government may hold the alien in custody during the initial 90 day removal period by statute. *Id.* In *Zadvydas*, the Supreme Court held that when the government is unable to remove an alien within 90 days, the alien may seek review of the reasonableness of their continued detention under the due process clause through petition for writ of habeas corpus. 533 U.S. at 687. The Court instructed habeas courts to analyze whether continued detention beyond the 90 day period "exceeds a period reasonably necessary to secure removal," based on "the [removal detention] statute's basic purpose, namely, assuring the alien's presence at the moment of removal." *Id.* at 699. The Court has held that it is presumptively reasonable for the government to detain an alien for a period of 6 months while it works to effectuate his removal after issuing a final order of removal against him. *Id.* at 701. Beyond that period, "if removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute" and grant the petition for writ of habeas corpus. *Id.* at 699-700.

Here, Petitioner argues that his detention of over a year is unlawful under *Zadvydas*. ECF No. 1 ¶ 31. However, while Petitioner's detention has been continuous since he re-entered the country, his detention between voluntarily re-opening his asylum case and the IJ's final order in that case fell under 8 U.S.C. § 1225(b)(1)(A)(ii) and is thus not subject to analysis under *Zadvydas*. *See* 533 U.S. at 701. It is reasonable that the government failed to remove Petitioner while his reopened case was pending because the IJ's order reopening the case also stayed his removal. *See* ECF No. 12 at 3. While Respondents could have granted Petitioner parole while his reopened asylum case was pending, it is not within this Court's jurisdiction to require them to do so. *See* 8 U.S.C. § 1182(d)(5)(A). Petitioner does not argue any procedural defect in his reopened case that would make it improper to consider his reopened case pending for its duration. *See* 8 U.S.C. § 1225(b)(1)(A)(ii); *Jennings*, 583 U.S. at 283. Thus, Respondents did not violate Petitioner's due process rights by detaining him while his reopened removal case was pending.

Petitioner's current detention subject to a final order of removal falls under 8 U.S.C. § 1231(a)(2)(A) because there is now no pending case and a final order of removal against him. The IJ issued a final order of removal against Petitioner on October 8, 2025, starting the 90-day removal period, which will still be in effect when this order is filed. *See* 8 U.S.C. § 1231(a)(1)(A)-(B). The Court does not reach today the likelihood of Petitioner's removal or the effect of Petitioner's prior detention before re-opening his case on analysis of his detention under *Zadvydas*, because, assuming no defects in the asylum case or removal order, *Zadvydas* due process analysis does not begin until the close of the statutory 90 day removal period. *See* 533 U.S. at 682. Thus, Respondent have not violated Petitioner's due process rights by detaining him following the IJ's issuance of the final order of removal against him.

For the reasons set forth above, the petition for writ of habeas corpus on due process grounds is **DENIED** as premature.

///

///

### C. Administrative Procedure Act

Petitioner also argues that his detention is unlawful under the Administrative Procedure Act ("APA") and the Immigration and Nationality Act ("INA"). ECF No. 1 ¶¶ 32-36. Courts may set aside unlawful, unconstitutional, or arbitrary and capricious agency actions. 5 U.S.C. § 706(2). Petitioner provides a list of reasons that a person may be deportable, inadmissible, and subject to mandatory detention under INA §§ 212(a)(2)-(3), 237(a)(2)-(4). ECF No. 1 ¶ 4. Petitioner argues that because he does not fall into the categories enumerated in those statutes, he may not be lawfully subjected to mandatory detention. *Id.* ¶ 35. However, those statutes do not constitute an exhaustive list of reasons that a person can be subject to immigration detention. As explained above, Petitioner was previously detained under 8 U.S.C. § 1225(b)(1)(A)(ii) and is currently detained under 8 U.S.C. § 1231(a)(2)(A). Neither statute requires that a person falls into the enumerated categories subject to mandatory detention for the government to lawfully detain them. Thus, Respondents did not violate the APA by detaining Petitioner.

The petition is **DENIED** on the basis of the alleged APA violation.

### D. Motion for Temporary Restraining Order

Having ruled on the Petition on the merits, the Court declines to apply the *Winter* factors to determine whether to issue a TRO. Thus, the Court **DENIES AS MOOT** the Motion for Temporary Restraining Order.

### IV.   CONCLUSION

For the reasons set forth above, the petition for writ of habeas corpus is **DENIED.**

**IT IS SO ORDERED**.

Dated:  October 29, 2025

Honorable James E. Simmons Jr.
United States District Judge